Christopher E. Hawk, OSB No. 061635
chawk@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
121 SW Morrison Street, Suite 1575
Portland, OR 97204
Telephone: (503) 227-8269
Facsimile: (503) 616-3600
        *Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### (Portland Division)

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware corporation,<br><br>                    Plaintiff,<br><br>        vs.<br><br>PACIFIC HARBORS, LLC, an Oregon limited liability company; and DOES 1-10, inclusive,<br><br>                    Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

        Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff") for its claims against Defendant Pacific Harbors LLC ("Defendant") respectfully alleges as follows:

## JURISDICTION AND VENUE

        1.      Plaintiff files this action against Defendant for trade dress infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), patent infringement arising under the patent laws of the United States, and for related claims under the statutory and common law of the state of Oregon. This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

*/ / /*

COMPLAINT - Page 1 of 14 -

2.      This action arises out of wrongful acts by Defendant within this judicial district.

3.      This Court has personal jurisdiction over Defendant pursuant to 28 U.S.C. § 1400 because Defendant maintains its headquarters in this judicial district.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

5.      Plaintiff Deckers Outdoor Corporation ("Deckers") is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business in Goleta, California. Deckers designs and markets footwear identified by its many famous trademarks, including its UGG® trademark.

6.      Upon information and belief, Pacific Harbors LLC ("Pacific Harbors") is a company organized and existing under the laws of the state of Oregon, with an office and principal place of business located at 15171 SW Sapphire Drive, Beaverton, Oregon 97008.

7.      Deckers is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Deckers will seek leave to amend this complaint when their true names and capacities are ascertained. Deckers is informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

8.      Deckers is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Deckers further alleges that Defendant

**GORDON REES SCULLY MANSUKHANI, LLP**
121 SW Morrison Street, Suite 1575
Portland, OR  97204
Telephone:  (503) 227-8269
Facsimile :  (503) 616-3600

and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or not further such acts and the behavior described herein, which duty Defendant and DOES 1 through 10, inclusive, failed and/or refused to perform.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

**A.  Deckers' UGG® Brand**

9.      Deckers has been engaged in the design, distribution, marketing, offering for sale, and sale of footwear since 1975. Deckers owns several brands of footwear including UGG®, Koolaburra®, Teva®, Sanuk®, and Hoka One One®.

10.     Deckers' UGG® brand remains one of the most recognized and relevant comfort shoe brands in the industry. Since 1979, when the UGG® brand was founded, the popularity of UGG® boots has steadily grown across the nation and even the globe. The UGG® brand has always been and remains highly coveted by consumers. This commitment to quality has helped to propel the UGG® brand to its current, overwhelming level of popularity and cemented its status as a luxury brand.

11.     In 2000, UGG® boots were first featured on Oprah's Favorite Things® where Oprah emphatically declared on national television how much she "LOOOOOVES her UGG boots." The popularity of UGG® brand footwear has grown exponentially since then with celebrities including Kate Hudson and Sarah Jessica Parker among a myriad of others regularly donning them. UGG® sheepskin boots have become a high fashion luxury item and can be found on fashion runways around the world.

12.     Deckers' UGG® products are distributed and sold to consumers through authorized retailers throughout the United States at point-of-sale and on the Internet, including through its UGG® Concept Stores and its website www.ugg.com.

/ / /

/ / /

COMPLAINT - Page 3 of 14 -

**GORDON REES SCULLY MANSUKHANI, LLP**
121 SW Morrison Street, Suite 1575
Portland, OR  97204
Telephone:  (503) 227-8269
Facsimile :  (503) 616-3600

**B.  Defendant's Infringing Activities**

13.     The present lawsuit arises from Defendant's design, manufacture, distribution, advertisement, marketing, offering for sale, and sale of footwear which infringes upon Deckers' rights to the "Bailey Button Trade Dress" and D599,999 Patent ("Accused Products"). Defendant has named this product "The Barberry Button Bomber."

14.     Upon information and belief, Defendant is engaged in the manufacture, design, advertisement, marketing, distribution, offer for sale, and/or sale of a wide range of apparel, accessories, and footwear.

15.     Upon information and belief, Defendant has designed, manufactured, advertised, marketed, distributed, offered for sale, and/or sold Accused Products, exemplar shown below.



*Defendant's Accused Product*

16.     Deckers is informed and believes and herein alleges that Defendant is a competitor and has introduced Accused Products into the stream of commerce in an effort to exploit Deckers' reputation in the market established in the UGG® Bailey Button Boot.


/ / /

/ / /

/ / /

COMPLAINT - Page 4 of 14 -          **GORDON REES SCULLY MANSUKHANI, LLP**
121 SW Morrison Street, Suite 1575
Portland, OR  97204
Telephone:  (503) 227-8269
Facsimile :  (503) 616-3600

17.     Upon information and belief, Defendant may have sold additional products that infringe upon Deckers' design patents and/or trade dresses.  Deckers may seek leave to amend as additional information becomes available through discovery.

18.     Deckers has not granted a license or any other form of permission to Defendant with respect to its trademarks, design patents, trade dresses, or other intellectual property.

19.     Deckers is informed and believes and herein alleges that Defendant has acted in bad faith and that Defendant's acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Accused Products with Deckers, or as to the origin, sponsorship, or approval of the Accused Products by Deckers.

## FIRST CLAIM FOR RELIEF

### (Trade Dress Infringement - 15 U.S.C. § 1125(a))

20.     Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

21.     The UGG® Bailey Button boot was introduced in 2009 and the "Bailey Button Boot Trade Dress" is unique and distinctive, consisting of a combination of the following non-functional elements:

- Classic suede boot styling made famous by the UGG® brand;
- Overlapping of front and rear panels on the lateral side of the boot shaft;
- Curved top edges on the overlapping panels;
- Exposed fleece-type lining edging the overlapping panels and top of the boot shaft; and
- One or more buttons (depending on the height of the boot) prominently featured on the lateral side of the boot shaft adjacent the overlapping panels, on the front panel as illustrated by the photographs below (hereinafter "Bailey Button Boot Trade Dress").

GORDON REES SCULLY MANSUKHANI, LLP
121 SW Morrison Street, Suite 1575
Portland, OR  97204
Telephone:  (503) 227-8269
Facsimile :  (503) 616-3600

  

22.     The Bailey Button Boot Trade Dress, which is a composite of the above-referenced features, is non-functional in its entirety, visually distinctive, and is unique in the footwear industry.

23.     The design of the Bailey Button Boot Trade Dress is neither essential to its use or purpose nor does it affect the cost or quality of the boot. There are numerous other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Bailey Button Boot Trade Dress. The aforesaid combination of features provides no cost advantages to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render Deckers' UGG® Bailey Button boots distinct and recognizable as goods originating from Deckers' UGG® brand.

24.     The Bailey Button Boot Trade Dress is an original design by Deckers and has achieved a high degree of consumer recognition and secondary meaning, which serves to identify Deckers as the source of footwear featuring said trade dress.

25.     The Bailey Button Boot Trade Dress is one of the most well-recognized and commercially successful styles of Deckers' UGG® brand of footwear, having been featured on Deckers' advertising and promotional materials as well as in various trade publications.

/ / /

GORDON REES SCULLY MANSUKHANI, LLP
121 SW Morrison Street, Suite 1575
Portland, OR  97204
Telephone:  (503) 227-8269
Facsimile :  (503) 616-3600

Furthermore, the Bailey Button Boot Trade Dress has been featured in connection with various celebrities, has received a large volume of unsolicited media attention, and has graced the pages of many popular magazines nationwide and internationally.

26.     Deckers has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the UGG® brand and its line of footwear embodying the Bailey Button Boot Trade Dress. Deckers spends millions of dollars annually on advertising of UGG® products, which include products bearing the Bailey Button Boot Trade Dress.

27.     Deckers has sold hundreds of millions of dollars worth of UGG® products bearing the Bailey Button Boot Trade Dress.

28.     Due to its long use, extensive sales, and significant advertising and promotional activities, Deckers' Bailey Button Boot Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

29.     There are numerous other boot designs in the footwear industry, none of which necessitate copying or imitating the Bailey Button Boot Trade Dress. However, due to the popularity and consumer recognition achieved by the Bailey Button boot, said design has often been the subject of infringement by third-parties, including Defendant.

30.     Deckers is informed and believes and herein alleges that Defendant is a competitor and has introduced Accused Products into the stream of commerce in an effort to exploit Deckers' reputation in the market established in the UGG® Bailey Button Boot.

31.     The Accused Products produced, distributed, advertised and offered for sale by Defendant bear confusingly similar reproductions of the Bailey Button Boot Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Deckers of Defendant's products.

/ / /

/ / /

GORDON REES SCULLY MANSUKHANI, LLP
121 SW Morrison Street, Suite 1575
Portland, OR  97204
Telephone:  (503) 227-8269
Facsimile :  (503) 616-3600

32.     Defendant's use of Deckers' Bailey Button Boot Trade Dress is without Deckers' permission or authority and in total disregard of Deckers' rights to control its intellectual property.

33.     Defendant's use of Deckers' Bailey Button Boot Trade Dress is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Defendant's products are produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with Deckers, all to the detriment of Deckers.

34.     Deckers has no adequate remedy at law.

35.     In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from using Deckers' Bailey Button Boot Trade Dress, or any designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement under Oregon Common Law)

36.     Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

37.     Defendant's infringement of the Bailey Button Boot Trade Dress constitutes common law trade dress infringement in violation of the common law of the state of Oregon.

38.     Defendant's unauthorized use of the Bailey Button Boot Trade Dress has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Deckers.

39.     Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Deckers.

/ / /

**GORDON REES SCULLY MANSUKHANI, LLP**
121 SW Morrison Street, Suite 1575
Portland, OR  97204
Telephone:  (503) 227-8269
Facsimile :  (503) 616-3600

40.    Deckers has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless it is enjoined by this Court.

41.    The conduct herein complained of was extreme, outrageous, and was inflicted on Deckers in reckless disregard of Deckers' rights.  Said conduct was despicable and harmful to Deckers and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar conduct in the future.

42.    In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the Bailey Button Boot Trade Dress, and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Unlawful Trade Practices Act, ORS §§ 646.605 *et. seq.*)

43.    Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

44.    Defendant's appropriation, adoption and use of the Bailey Button Boot Trade Dress on its own footwear is likely to confuse or mislead consumers into believing that Defendant's goods are authorized, licensed, affiliated, sponsored, and/or approved by Deckers, thus constituting a violation of the Oregon's Unlawful Trade Practices Act, ORS §§ 646.605, *et. seq.*

/ / /

/ / /

/ / /

COMPLAINT - Page 9 of 14 -

45.    The deceptive, unfair and fraudulent practices set forth herein have been undertaken with knowledge by Defendant willfully with the intention of causing harm to Deckers and for the calculated purpose of misappropriating Deckers' goodwill and business reputation.

46.    Defendant's acts have caused and will continue to cause irreparable injury to Deckers.  Deckers has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's unlawful acts, unless it is enjoined by this Court.

47.    In light of the foregoing, Deckers is entitled to all available relief provided for in Oregon's Unlawful Trade Practices Act, ORS §§ 646.605, *et. seq*.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition Under Oregon Common Law)

48.    Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

49.    Defendant's appropriation, adoption and use of the Bailey Button Boot Trade Dress on their own footwear constitutes unfair competition in violation of the common law of the state of Oregon.

50.    Defendant is a competitor of Deckers and has introduced its Accused Products into the stream of commerce in an effort to exploit Deckers' reputation in the market established in the UGG® Bailey Button Boot.

51.    Defendant's infringing acts were intended to capitalize on Deckers' goodwill associated therewith for Defendant's own pecuniary gain.  Deckers has expended substantial time, resources and effort in creating and developing its unique line of footwear that consumers recognize as originating from the UGG® brand.  As a result of Deckers' efforts, Defendant is now unjustly enriched and is benefiting from property rights that rightfully belong to Deckers.

COMPLAINT - Page 10 of 14 -

52.     Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Deckers.

53.     Deckers has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless it is enjoined by this Court.

54.     The conduct herein complained of was extreme, outrageous, and was inflicted on Deckers in reckless disregard of Deckers' rights. Said conduct was despicable and harmful to Deckers and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar conduct in the future.

## FIFTH CLAIM FOR RELIEF

### (Patent Infringement - U.S. Patent No. D599,999)

55.     Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

56.     Deckers is the owner of numerous design patents to the various styles of footwear it offers under its UGG® brand.  These design patents include but are not limited to the "Bailey Button" boot (U.S. Patent No. D599,999 issued on Sep 15, 2009), a true and correct copy of which is attached hereto and incorporated herein as Exhibit A (" '999 Patent").

57.     Deckers is the owner by assignment of all right, title and interest in and to the '999 Patent.

58.     The Accused Products that Defendant has caused to be produced, distributed, advertised, marketed, offered for sale, and/or sold within the United States, and/or have imported into the United States bear a design that is substantially similar to the '999 Patent in direct violation of 35 U.S.C. § 271.

GORDON REES SCULLY MANSUKHANI, LLP
121 SW Morrison Street, Suite 1575
Portland, OR  97204
Telephone:  (503) 227-8269
Facsimile :  (503) 616-3600

59.     Defendant's aforesaid infringing acts are without Deckers' permission or authority and are in total disregard of Deckers' right to control its intellectual property.

60.     As a direct and proximate result of Defendant's infringing conduct, Deckers has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Deckers' '999 Patent.

61.     Defendant's acts have damaged and will continue to damage Deckers, and Deckers has no adequate remedy at law.

62.     Deckers has marked substantially all footwear products embodying the design of the '999 Patent with "Pat. No. 599,999" on a product label in compliance with 35 U.S.C. § 287.

63.     Given the widespread popularity and recognition of Deckers' Bailey Button boot and the patent notice provided on the products themselves, Deckers avers and hereon alleges that Defendant had pre-suit knowledge of Deckers' rights to the '999 Patent and intentionally copied said design on their own footwear products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

64.     On information and belief, Defendant's acts herein complained of constitute willful acts and intentional infringement of the '999 Patent.

65.     In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the '999 Patent and to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Deckers is also entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

/ / /

/ / /

/ / /

/ / /

GORDON REES SCULLY MANSUKHANI, LLP
121 SW Morrison Street, Suite 1575
Portland, OR  97204
Telephone:  (503) 227-8269
Facsimile :  (503) 616-3600

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Deckers Outdoor Corporation respectfully prays for judgment against Defendant Pacific Harbors LLC as follows:

1.      A judgment that Defendant has infringed Deckers' Bailey Button Boot Trade Dress and D599,999 Patent and that said infringement was willful;

2.      An order granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendant, and their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them from using Deckers' intellectual property, including, but not limited to:

a.      manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Accused Products or any other products which bear Deckers' Bailey Button Boot Trade Dress and/or any designs confusingly similar thereto;

b.      manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Accused Products or any other products which infringe the D599,999 Patent and/or the overall appearance thereof;

c.      engaging in any other activity constituting unfair competition with Deckers, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with Deckers; and

d.      committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Deckers;

/ / /

/ / /

/ / /

GORDON REES SCULLY MANSUKHANI, LLP
121 SW Morrison Street, Suite 1575
Portland, OR  97204
Telephone:  (503) 227-8269
Facsimile :  (503) 616-3600

3.      Ordering Defendant to recall from any distributors and retailers and to deliver to Deckers for destruction or other disposition all remaining inventory of all Accused Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4.      Ordering Defendant to file with this Court and serve on Deckers within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

5.      Ordering an accounting by Defendant of all gains, profits and advantages derived from their wrongful acts pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. § 289;

6.      Awarding Deckers all of Defendant's profits and all damages sustained by Deckers as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

7.      Awarding treble damages in the amount of Defendant's profits or Deckers' damages, whichever is greater, for willful infringement;

8.      Awarding applicable interest, costs, disbursements and attorneys' fees;

9.      Awarding Deckers punitive damages in connection with its claims under Oregon law; and

10.     Such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers Outdoor Corporation hereby demands a trial by jury as to all claims in this litigation.

Dated:  October 3, 2019.                    GORDON REES SCULLY MANSUKHANI, LLP


                                            By:*/s/ Christopher E. Hawk*_____
                                               Christopher E. Hawk, OSB No. 061635
                                               chawk@grsm.com
                                               *Attorneys for Plaintiff*

---

COMPLAINT - Page 14 of 14 -              **GORDON REES SCULLY MANSUKHANI, LLP**
                                         121 SW Morrison Street, Suite 1575
                                         Portland, OR  97204
                                         Telephone:  (503) 227-8269
                                         Facsimile :  (503) 616-3600